**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

| | |
|---|---|
| **CHRISTOPHER PAUL KALLDIAN,** | **CHAPTER 13** |
| DEBTOR. | CASE NO. 18-33612-KRH |

**HARLEY-DAVIDSON,**

  **MOVANT,**

vs.

**CHRISTOPHER PAUL KALLDIAN**
and **CARL M. BATES, TRUSTEE,**

  **RESPONDENTS.**

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**NOTICE**

YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)

TO:    CHRISTOPHER PAUL KALLDIAN, DEBTOR
       CARL M. BATES, TRUSTEE

IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT.  UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS FOURTEEN (14) DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.

IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE FOURTEEN (14) DAY PERIOD.

**THE PRELIMINARY HEARING IS SCHEDULED TO BE HELD ON SEPTEMBER 30, 2020 AT 11:00 AM IN THE U.S. BANKRUPTCY COURT, 701 EAST BROAD STREET, RICHMOND, VA 23219, COURTROOM 5000.**

   Harley-Davidson ("Movant") hereby moves this Court, pursuant to 11 U.S.C. §362, for relief from the automatic stay with respect to a **2017 Harley-Davidson FLHXS Street**

Johnie R. Muncy, Esquire
Counsel for Movant
Samuel I White, P.C.
Bar No. 73248
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
(804) 290-4290
File No. 76954

**Glide Special VIN 1HD1KRC18HB695799** (the "Property"), for all purposes allowed by the Promissory Note and Security Agreement and applicable law. In further support of this Motion, Movant respectfully states:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and §1334 and 11 U.S.C. §362(d), and this matter is a core proceeding.

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on July 13, 2018.

3. A Chapter 13 Plan was confirmed on May 15, 2019.

4. Upon information and belief, the Movant has a validly perfected security interest in a **2017 Harley-Davidson FLHXS Street Glide Special VIN 1HD1KRC18HB695799**, pursuant to a valid Promissory Note and Security Agreement dated November 9, 2017. A copy of the Promissory Note and Security Agreement and a copy of the evidence of Title establishing Movant's security interest are attached hereto as Exhibit A.

5. As of September 1, 2020, the unpaid principal and interest balance due is $28,908.39 and the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $28,908.39.

6. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Promissory Note and Security Agreement as of September 1, 2020:

| Number of Payments | From | To | Monthly Payment Amount | Total Payments |
|---|---|---|---|---|
| 1 (Partial) | 04/24/2020 | 04/24/2020 | $148.68 | $148.68 |
| 4 | 05/24/2020 | 08/24/2020 | $666.44 | $2,665.76 |
| Less post-petition partial payments (suspense balance): | | | | ($0.00) |

Total:   $2,814.44

7. As of September 1, 2020, the total post-petition arrearage/delinquency is $2,814.44, consisting of (i) the foregoing total of post-petition payments in the amount of $2,814.44, plus (ii) the following fees:

| Fee Description | Amount |
|---|---|
| N/A | $0.00 |

8. The estimated value of the Property is $20,395.00. The basis for such valuation is: NADA, a copy of which is attached hereto as Exhibit B.

9. Cause exists for relief from the automatic stay for the following reasons:

   i. Movant's interest in the Property is not adequately protected.

   ii. Post-Petition payments required by the confirmed plan have not been made to Movant.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by applicable law and the Promissory Note and Security Agreement to enforce its remedies to obtain possession of the Property and any and all other collateral pledged under the Promissory Note and Security Agreement.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

Dated: September 8, 2020

HARLEY-DAVIDSON

By:  **/s/JOHNIE R. MUNCY**
Eric D. White, Esquire, Bar No. 21346
Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
D. Carol Sasser, Esquire, Bar No. 28422
Samuel I. White, P.C.
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
jmuncy@siwpc.com

## CERTIFICATE OF SERVICE

I certify that on September 8, 2020, the foregoing Motion was served via CM/ECF on Carl M. Bates, Trustee, and James E. Kane, Counsel for Debtor, at the email addresses registered with the Court, and that a true copy was mailed via first class mail, postage prepaid, to Christopher Paul Kalldian, Debtor, 13246 Winston Rd., Ashland, VA 23005.

**/s/JOHNIE R. MUNCY**
Johnie R. Muncy, Esquire
Samuel I. White, P. C.

*Johnie R. Muncy, Esquire*
*Counsel for Movant*
*Samuel I White, P.C.*
*Bar No. 73248*
*1804 Staples Mill Road*
*Suite 200*
*Richmond, VA 23230*
*(804) 290-4290*
*File No. 76954*

# Eaglemark Savings Bank



A subsidiary of Harley-Davidson Credit Corp.

## PROMISSORY NOTE (SIMPLE INTEREST)
## AND SECURITY AGREEMENT ("CONTRACT")

| BORROWER Name and Mailing Address | CO-BORROWER Name and Mailing Address | LENDER Name and Address |
|---|---|---|
| Christopher Kalldian<br>13246 Winston<br>Ashland, VA 23005 | | Eaglemark Savings Bank<br>P.O. Box 22048<br>Carson City, NV 89721-2048 |

**Definitions.** The words "You" and "Your" mean the Borrower/Co-Borrower(s) who sign(s) below. The words "ESB" "Lender" "We" "Us" and "Our" mean Eaglemark Savings Bank, its successors and assigns. The word "Contract" means this Promissory Note and Security Agreement. The word "Vehicle" means the motorcycle and/or motor vehicle, described more fully below.
**Promise to Pay.** You promise to pay to the Lender the Amounts Financed plus interest figured on a daily basis on the unpaid balance as set forth in this Contract and in the Truth In Lending Disclosures set forth below, together with all fees and expenses set forth in this Contract, until all amounts are paid in full.
**Payment Deferral.** Any deferral will continue to accrue interest during the deferral period.
**Where Applicable Finance Charges** will not accrue for the first ___N/A___ days of this Contract ("No Finance Charge" period).

### DESCRIPTION OF PURCHASE

| MAKE | YEAR | NEW/USED | MODEL | COLOR | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|---|---|
| HARLEY-DAVIDSON | 2017 | New | FLHXS STREET GLIDE SPECIAL | BLACK DENIM | 1HD1KRC18HB695799 |

Description of the body and major items of equipment sold.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit<br>as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will<br>cost You. (Estimate) | AMOUNT FINANCED<br>The amount of credit provided to You<br>or on Your behalf. | TOTAL OF PAYMENTS<br>The amount You will have paid after You have<br>made all payments as scheduled. (Estimate) |
|---|---|---|---|
| 15.75 % | $ 22,403.10 | $ 33,577.86 | $ 55,980.96 |

#### Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | AND AS FOLLOWS: |
|---|---|---|---|
| 84 | $ 666.44 | Monthly Beginning: 12/24/2017 | Until Paid In Full |
| N/A | $ 0.00 | Monthly Beginning: N/A | N/A |

**Prepayment:** If You pay off all Your debt early, You *will not* have to pay a prepayment premium or penalty.
**Security Interest:** You are giving a security interest in the goods or property being purchased. Any of Your property securing Your other obligations to Lender also secures Your obligation under this Contract.
**Late Charge:** If any payment is more than ten (10) days late, You will be charged up to $25 or 10% of the late amount, whichever is greater, with a maximum of $50.
**Additional Information:** See Other Important Agreements, pages 3, 4 and 5, of this Contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| | | | |
|---|---|---|---|
| 1. | Amount Given to You Directly | $ | N/A (1) |
| 2. | Amount Paid on Your Account | $ | N/A (2) |
| 3. | Amount Paid to Others on Your Behalf | | |
| | A. To (Dealer Name & No.): ▓▓▓▓ RICHMOND HARLEY-DAVIDSON | $ 28,870.20 | (A) |
| | B. Cost of Required Physical Damage Insurance paid to insurance company* | $ 0.00 | (B) |
| | C. Cost of Optional Service Contract*<br>To: H-D ESP | $ 814.00 | (C) |
| | D. Cost of Optional Tire & Wheel Protection*<br>To: | $ 0.00 | (D) |
| | E. Cost of Optional Credit Life and/or Disability Insurance paid to insurance company* | $ 0.00 | (E) |
| | F. Cost of Optional Planned Maintenance*<br>To: | $ 0.00 | (F) |
| | G. Cost of Optional Theft Protection*<br>To: | $ 0.00 | (G) |
| | H. Cost of Optional Appearance Protection*<br>To: | $ 0.00 | (H) |
| | I. Cost of Optional GAP Addendum*<br>To: Allstate | $ 799.00 | (I) |
| | J. Government license and/or registration fees paid to public officials (describe):<br>Gov/Lic Fee | $ 2.00 | (J) |
| | K. Government Certificate of Title Fees paid to public officials | $ 20.00 | (K) |
| | L. Taxes (describe):<br>To: VA   For: Total Taxes | $ 1,557.66 | (L[1]) |
| | [2]To:   For: | $ 0.00 | (L[2]) |
| | M. Other charges* (identify who will receive payment and describe):<br>To: Dealer   For: Doc/Admin Fee | $ 395.00 | (M[1]) |
| | [2]To: Dealer   For: Freight & Set Up | $ 1,120.00 | (M[2]) |
| | [3]To:   For: | $ 0.00 | (M[3]) |
| | [4]To:   For: | $ 0.00 | (M[4]) |
| | [5]To:   For: | $ 0.00 | (M[5]) |
| | Total Amount Paid to Others on Your Behalf (add A thru M[5]) | $ | 33,577.86 (3) |
| 4. | Cost of Optional Debt Protection Paid to Eaglemark Savings Bank* | $ | 0.00 (4) |
| 5. | Amount Financed (1+2+3+4) | $ | 33,577.86 (5) |

* Dealer/Seller and/or Lender and/or Others may retain, or receive, a portion of these amounts. You authorize the disbursement of funds as itemized above; with the exception of 3B, it is the Dealer's obligation to remit any funds itemized in Section 1, 2 and 3 above. You acknowledge that any down payment made to Dealer may also be used to pay, in whole or part, anything itemized above in Sections 1, 2 and 3.

LEG 21  Revised 10/2015     **Represents Redacted Information**     1 of 5

## INSURANCE AND OPTIONAL PRODUCTS

**NOTICE:** No person is required, as a condition of obtaining this loan, to purchase Credit Life and/or Disability Insurance, Tire and Wheel, Planned Maintenance, Theft Protection, Appearance Protection, Service Contracts, GAP Addendum or Debt Protection, or to purchase, or negotiate, any insurance through a particular insurance company, agent or broker.

**OPTIONAL Debt Protection.** If You purchase and finance this product, the cost is shown in item 4 of the ITEMIZATION OF AMOUNT FINANCED section. See Your Debt Protection contract for details on the protection it provides.

**Required Physical Damage Insurance.** Physical damage insurance is required, but You may obtain it from anyone You want who is acceptable to the Lender. If You choose to buy and finance this insurance through Lender, the cost of this insurance is shown in item 3B of the ITEMIZATION OF AMOUNT FINANCED section.

Insurance Company: __Progressive__
Telephone Number: _____
Term: __0__ Months
$ __500.00__ Deductible Collision and
$ __500.00__ Deductible Comprehensive
(includes Fire, Theft and Combined Additional Coverage)

**OPTIONAL Credit Life and/or Disability Insurance, GAP Addendum (Waiver), or Debt Protection.** Credit life and credit disability insurance, GAP Addendum, or Debt Protection are not required to obtain credit and will not be provided unless You sign for them and agree to pay the additional cost. Acknowledge by signing below. If You have chosen any of these protections, the cost is shown below. Please refer to the separate agreement for any chosen program for details on the protection it provides. No insurance will be in force until accepted by the product provider.

| TYPE | COST | Signature (To purchase) | Decline to Purchase (Initials) |
|---|---|---|---|
| Credit Life (Borrower/Co-Borrower) | $ 0.00 | I/we want Credit Life<br>X_____ Borrower<br>X_____ Co-Borrower | X_____ Borrower<br>X_____ Co-Borrower |
| Credit Life & Disability (Borrower/Co-Borrower) | $ 0.00 | I/we want Credit Life and Disability<br>X_____ Borrower<br>X_____ Co-Borrower | X _CK_ Borrower<br>X_____ Co-Borrower |
| Credit Disability (Borrower/Co-Borrower) | $ 0.00 | I/we want Credit Disability<br>X_____ Borrower<br>X_____ Co-Borrower | X_____ Borrower<br>X_____ Co-Borrower |
| GAP Addendum (Borrower only) | $ 799.00 | I want GAP Addendum<br>DocuSigned by:<br>X _[signature]_ Borrower | X_____ Borrower |
| Debt Protection (Borrower/Co-Borrower) | $ 0.00 | I/we want Debt Protection<br>X_____ Borrower<br>X_____ Co-Borrower | X _CK_ Borrower<br>X_____ Co-Borrower |

**OPTIONAL Protection Products and Service Contracts.** If You choose to buy and finance other OPTIONAL products or services the cost of coverage is shown in Section 3 of the ITEMIZATION OF AMOUNT FINANCED, specifically 3C for a Service Contract, 3D for Tire/Wheel, 3F for Planned Maintenance, 3G for Theft Protection, 3H for Appearance Protection, and 3M for Other. See Your protection/service contract(s) for details on the protection/service it provides.

**OPTIONAL Credit Life and/or Disability Insurance.** If You have chosen this protection, and if You finance this protection, the cost is shown in item 3E of the ITEMIZATION OF AMOUNT FINANCED section. Credit life insurance is based upon the payment schedule and term shown above. This protection may not pay all You owe on this Contract if You make late payments. Disability protection covers the original payment amount of the term shown in the TRUTH IN LENDING DISCLOSURES above. If You make late payments, disability protection will not pay all of Your payments. Please refer to the separate agreement for any chosen program for details on the protection it provides.

**OPTIONAL GAP Addendum.** If You choose to buy and finance a GAP Addendum, the cost is shown in item 3I of the ITEMIZATION OF AMOUNT FINANCED section. GAP is based upon the payment schedule and term shown above. This protection may not pay all You owe on this Contract if You make late payments. See Your GAP addendum for details on the protection it provides.

**THE INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

## IMPORTANT SIGNATURES AND NOTICES

NOTICE: See pages 3, 4 and 5 of this Contract for OTHER IMPORTANT AGREEMENTS

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COMPLETED COPY OF THIS CONTRACT. IF YOU FAIL TO PERFORM YOUR OBLIGATIONS UNDER THIS CONTRACT, THE COLLATERAL MAY BE REPOSSESSED AND YOU MAY BE LIABLE FOR THE UNPAID INDEBTEDNESS EVIDENCED BY THIS CONTRACT.

YOU SIGNED THIS CONTRACT AND RECEIVED A COPY ON __November__ __09__ __2017__
(Month)   (Day)   (Year)

**THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE DEALERSHIP THAT SOLD YOU THE VEHICLE. WE MAY SHARE PART OF THE FINANCE CHARGE WITH THE DEALERSHIP THAT SOLD YOU THE VEHICLE.**
The **Borrower/Co-Borrower** are each jointly and severally liable for the entire obligation arising under this Contract.
**Other Owner:** An **Other Owner** is a person whose name is on the title to the Vehicle but does not have to pay the debt.
The **Co-Borrower** and/or **Other Owner** (if applicable) know that the Lender has a security interest in the property purchased in this Contract and consents to the security interest.
**NOTICE TO CO-BORROWER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**
Federal regulations require Us to notify You that We may report information about Your account to credit bureaus. Late payments, missed payments or other defaults on Your account may be reflected in Your credit report.

**BORROWER** signs below
By: X _[DocuSigned signature]_
Print name __Christopher Kalldian__

**CO-BORROWER** signs below
By: X _____
Print name _____

**OTHER OWNER** signs below
By: X _____
Other Owner print name _____
Other Owner address _____

## OTHER IMPORTANT AGREEMENTS

**1. Finance Charge.** Starting on the date of this Contract, the finance charge accrues on a daily basis at a rate that is based on the Annual Percentage Rate disclosed on page one of this Contract.

**2. Application of Payments.** The Lender will apply your payments to the Finance Charge, Expenses, Fees and the unpaid balance of the Amount Financed in any order the Lender chooses. Payments will be applied to any past due amounts on the account before being used to satisfy any Monthly Payment Amount. Any amount received in excess of any past due amounts and Monthly Payment Amounts will be applied to the unpaid balance of the Amount Financed.

**3. Late Payments and Early Payments.** The disclosures of the Finance Charge and Total of Payments are based on the assumption that You will make every payment on time and assuming each year has 365 days and each month has 30 days, according to the Payment Schedule. Since the Finance Charge accrues daily, You will pay more Finance Charge and Your Finance Charge and Total of Payments will be more if You pay late. You will pay less Finance Charge and Your Finance Charge and Total of Payments will be less if You pay early. If You pay early, the effect will be that Your last payment will be smaller. If You pay late, Your last payment may be larger or You may have one or more additional payments. Unless specifically prohibited by applicable law, the remaining balance shall be due and payable no later than the last scheduled payment.

**4. Payment Deferral.** If You meet the requirements and are granted an extension of one or more monthly payments, You understand that any deferral will continue to accrue interest on the unpaid principal balance during the deferral period.

**5. Ownership and Risk of Loss.** You agree to pay the Lender all You owe under this Contract and under the original schedule, even if the Vehicle is damaged, destroyed, stolen or missing. You and any Other Owner agree to keep the Vehicle in good condition or repair. You and any Other Owner agree to use the Vehicle for personal use only, not to remove the Vehicle from the United States, and not to sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without the Lender's written permission. You and any Other Owner agree to notify Us of any change in Your address or the location of the Collateral. You and any Other Owner agree to protect the Vehicle from claims of third persons. You and any Other Owner agree not to expose the Vehicle to misuse or confiscation. You and any Other Owner will make sure the Lender's security interest in (lien on) the Vehicle is shown on the title, or on other documentation acceptable to the Lender. You and any Other Owner agree to provide all acts, things and writings as the Lender may at any time request to protect or enforce its rights in the Vehicle and other collateral. You and any Other Owner will not do anything to defeat the Lender's lien. If the Lender pays any repair bills, storage bills, taxes, fines, or other charges on the Vehicle, You agree to repay the amount when the Lender asks for it.

**6. Security Interest.** You and any Other Owner grant the Lender a purchase money security interest in the Vehicle specified on page one of this Contract and any of the following that are purchased and financed in connection with this Contract: (1) any accessories, equipment, and replacement parts installed on the Vehicle; (2) any insurance premiums and charges for service, debt protection or GAP addendum returned to the Lender; (3) any proceeds of insurance policies, service, debt protection or GAP addendum on the Vehicle; and (4) any proceeds of insurance policies on Your life or health which are financed through this Contract. This purchase money security interest is in addition to any other security interest or lien the Lender holds, or which You are required to provide as a condition of this Contract. The Vehicle and all other property subject to a security interest or lien in the Lender's favor is called the "Collateral". The Collateral secures payment of all amounts You owe on the Contract and on any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. To the extent permitted by applicable law, the Collateral under this Contract also secures Your other obligations to Lender, whether now owing or incurred after the date of this Contract.

**7. Waiver of Suretyship Defenses by Other Owner.** Any Other Owner agrees that Lender may, without notice to or consent from the Other Owner, modify, waive, or enforce any of Lender's rights against a Borrower without affecting Lender's rights with respect to the Collateral or the Other Owner, even if such action affects the Other Owner's rights with respect to the Collateral or the Borrower. Any Other Owner waives (i) any right to require Lender to proceed against any person or property, or exercise any remedy, before enforcing Lender's rights with respect to the Collateral or the Other Owner, (ii) all presentments, protests, demands and notices of protest, dishonor and non-performance, and (iii) any defense arising out of enforcement of Lender's rights with respect to the Collateral or a Borrower, even if such enforcement results in the loss of subrogation, reimbursement or other rights that the Other Owner may have against a Borrower.

**8. Prepayment.** You may prepay the unpaid balance of the Amount Financed in full or in part at any time without penalty. If You do so, You must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of payment.

**9. Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the Vehicle for the term of this Contract, **showing the Lender (and its successors and assigns) as "additional insured and loss payee."** At any time during the term of this Contract, if You do not have physical damage insurance which covers both Your interest and the Lender's interest in the Vehicle, then the Lender may buy it for You. If the Lender does not buy physical damage insurance which covers both interests in the Vehicle, it may, if it decides, buy insurance which covers only the Lender's interest.

The Lender is under no obligation to buy any insurance, but may do so, if it desires. If the Lender buys either of these coverages, it will let You know what type it is and the charge You must pay. The charge will consist of the cost of the insurance and a finance charge, at a rate that is based on the Annual Percentage Rate in this Contract, subject to limits under applicable laws.

**10. Late Charge.** You will have to pay a late charge on each payment received by the Lender more than ten (10) days late and/or that is less than the amount owed under this Agreement. The charge is shown on page one of this Contract. Acceptance of a late payment or late charge does not excuse Your late payment or mean that You can keep making payments after they are due. The Lender may also take the steps set forth in the other applicable sections of this Contract if there is any late payment.

**11. Dishonored Check Charge.** For the return of a dishonored check/ACH, negotiable order of withdrawal or share draft issued in connection with any payment due under this Contract, the Lender may charge You a Fee of up to $50, plus any charges assessed by Lender's depository institution.

**12. Convenience Fees.** You may incur convenience fees and other charges from the Lender, Your own bank or a service provider as a result of the method You choose to make Your payments. You agree that You are responsible for paying these charges, as applicable, and acknowledge that these are convenience fees related to Your choice of an expedited method of payment.

**13. Optional Protection Products or Service Contracts.** This Contract may contain charges for optional protection products or service contracts such as debt protection, extended service, planned maintenance, or GAP addendum. If You breach this Contract, You agree that the Lender may claim benefits under these agreements and terminate them to obtain refunds of unearned charges. In the event You pay off Your loan early, please contact the selling Dealer or the administrator of the protection products you purchased to discuss whether you may be eligible for a refund of any unearned protection product fee.

**14. Insurance, Service Contract and GAP Addendum Refunds Received by Lender.** Any refund on optional protection products or service contract will be credited to Your account. This will not excuse You from making payments in accordance with the Payment Schedule on page one of this Contract.

**15. Default; Required Payment in Full Before Scheduled Date.** If You fail to pay any payment when due and/or pay less than the amount owed; if You die or are declared legally incompetent; if a proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property; or if You break any of the agreements in this Contract (default), the Lender can demand that You pay in full either 1) all past due payments, or 2) all You owe on this Contract **at once** (not just past due payments), together with all costs and expenses incurred by the Lender. After default, interest will continue to accrue on a daily basis at a rate that is based on the Annual Percentage Rate shown on page one of this Contract.

Only if You reside in CO, CT, DC, FL, GA, IA, KS, ME, MD, MA, MN, MO, NE, NV, OR, RI, SC, TX, WV, or WI AND You and Your account are eligible to cure Your default under the laws of that state (some cure states place limits on how often You may cure Your default within a specified time or during the term of Your obligation), the Lender will provide notice and You will have an opportunity to cure Your payment default by paying the unpaid past due payments plus the earned and unpaid part of the Finance Charge, any later charges, and any amounts due because You did not keep Contract promises.

## OTHER IMPORTANT AGREEMENTS (Continued)

**16. Repossession of Vehicle for Default of Contract.** Repossession means that (1) if You fail to pay according to the Payment Schedule or (2) if You fail to cure Your default in those states where the Lender may not take Your Vehicle until You are given notice and the right to cure Your default, or (3) if You break any of the agreements in this Contract (default), the Lender can, where permitted by applicable statutes, take the Vehicle from You. To take the Vehicle the Lender can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully and does not otherwise violate Your state law. If there is any personal property in or on the Vehicle, such as clothing, the Lender may store it for You. Any accessories, equipment or replacement parts will remain with the Vehicle. If repossession action is started, and You cure Your default prior to repossession, You agree that the Lender can charge actual and reasonable expenses incurred by it, unless specifically prohibited by applicable statutes.

**If You reside in the State of Louisiana—Confession of Judgment—Seizure and Sale of Vehicle for Failure to Pay.** For the purpose of permitting Lender to employ executory proceedings in the State of Louisiana, You do hereby acknowledge Your obligation under this Contract and confess judgment in favor of the Lender or any holder of this Contract if Your obligation is not paid in full or You break any of the agreements in this Contract. You agree that if You fail to pay according to the Payment Schedule or break any of the agreements in this Contract, then the entire unpaid balance due on this Contract shall immediately become due and payable at the option of the Lender without necessity of any notice, demand or placing in default. If this happens, the Lender may cause all and singular the property described herein to be seized and sold under executory or other legal process in any court of competent jurisdiction in this state, to the highest bidder, payable in cash. You agree to waive notice and the benefit of all appraisement laws, particularly the appraisal provided for in Article 2723 of the Code of Civil Procedure. The provisions of this section regarding Your confession of judgment shall apply only if this Contract is enforced in the courts of the State of Louisiana.

Your rights following seizure of the vehicle will be determined by applicable law.

In accordance with LA.R.S. § 9:5136 et seq., as amended, You and the Lender agree to appoint Harley-Davidson Credit or its designee as the keeper or receiver of the Vehicle. The appointment will take affect, at the option of the Lender, immediately upon any seizure that is incident to any action Lender may bring to enforce this Contract.

**17. Getting the Vehicle Back After Repossession.** If the Lender repossesses the Vehicle, You may have the right to get it back. Only if You reside in CA, CT, IL, MD, MS, NY, or RI AND You and Your account are eligible for reinstatement under the laws of that state (some reinstatement states place limits on how often you may reinstate Your Contract after repossession of the Vehicle), You may get the Vehicle back by paying the unpaid past due payments plus the earned and unpaid part of the Finance Charge and all other amounts due as allowed by law, including the cost of retaking, holding, preparing for disposition, processing, and disposing.

You may redeem the Vehicle by paying the *entire amount You owe* on the Contract (not just past due payments). The amount You owe will be the entire unpaid balance of the Amount Financed plus the earned and unpaid part of the Finance Charge and all other amounts due, including the cost of retaking, holding, preparing for disposition, processing, and disposing of Vehicle. Your right to redeem will end when either (1) a contract for the sale, lease or other disposition has been entered into by the Lender; (2) the Lender has disposed of the Vehicle; or (3) the Lender has agreed to accept the Vehicle in satisfaction of the obligation.

**18. Sale of the Repossessed Vehicle.** Before selling the Vehicle, the Lender will mail a written notice of sale as mandated by applicable state law. If You do not redeem the Vehicle, reinstate Your contract, or cure Your default (whichever is applicable) by the date on the notice, the Lender can sell it. The Lender will use the net proceeds of the sale to pay all or part of Your debt.

Unless specifically prohibited by applicable statutes, the net proceeds of sale will be figured this way: Any later charges and any cost for retaking, holding, preparing for disposition, processing, and disposing of the Vehicle, and either a portion, or all, of attorney's fees and court costs will be subtracted from the selling price.

If You owe the Lender less than the net proceeds of sale, the Lender will pay You the difference, unless the Lender is required to pay it to someone else.

If You owe more than the net proceeds of the sale, You will be liable for payment to the Lender of the difference between the net proceeds of the sale and what You owe (deficiency balance) when the Lender asks for it, unless prohibited by state laws. If You do not pay this amount when asked, You may also be charged interest on the deficiency balance at a rate that is based on the Annual Percentage Rate in this Contract, subject to limits under applicable laws, until You do pay all You owe to the Lender.

**19. Collection Costs.** After default, You agree that Lender can charge actual and reasonable expenses incurred by it in attempting to protect Our security interest and/or collect the debt owed by You, locate You and/or the Co-Borrower and/or locate the Collateral, unless specifically prohibited by applicable statutes. In the event that Your obligation is referred to an attorney who is not a salaried employee of the Lender to collect what You owe, the prevailing party will be entitled to reasonable attorney's fees, costs, and court costs, unless specifically prohibited by applicable statutes.

**20. Delay in Enforcing Rights; Changes to This Contract.** The Lender can delay or refrain from enforcing any of its rights under this Contract without losing them. For example, the Lender may extend the time for making some payments without extending others.

Lender may be required by state or federal law to change the terms and conditions of this Contract, and You agree to be bound by any document provided by the Lender that implements those changes. Any change in terms of this Contract must be in writing and signed by the Lender. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**21. Statements.** Upon written request from You, the Lender will provide You with a written statement of the date and amounts of payments and the total amount unpaid on this Contract.

**22. Monthly Statements.** Monthly Statements may be provided as a courtesy to You. If You do not receive a monthly statement, it does not excuse Your obligation to make Your scheduled monthly payment.

**23. Applicable Law.** This Contract has been submitted for acceptance and is deemed to have been executed in Carson City, Nevada. Eaglemark Savings Bank is chartered and regulated by the State of Nevada Department of Business and Industry, Financial Institutions Division. You may contact them at P.O. Box 3239 Carson City, NV. 89702 or call 775-687-5522. Eaglemark Savings Bank is also regulated by the Federal Deposit Insurance Corporation and has the right under Federal law to export interest rates, fees and other types of credit charges based on the laws of the State of Nevada. Except to the extent specified elsewhere in this Contract, this Contract and Your account will be governed by the laws of the State of Nevada and applicable Federal law.

**24. Warranties Lender Disclaims. You understand that the Lender is not offering any warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, expressed or implied by the Lender, covering the Collateral.**

This provision does not affect any warranties covering the Collateral which may be provided by the manufacturer of the Vehicle.

**25. Notice of Assignment.** Upon receipt and funding of this Contract by ESB, the Contract will automatically be assigned to Harley-Davidson Credit Corp., pursuant to the Master Assignment Agreement or Participation Agreement in effect between ESB and Harley-Davidson Credit Corp.

**26. Guarantors and Co-Obligors.** The holder of this Contract may share Your account information, including, but not limited to, non-public personal information, with any and all Guarantors and/or Co-Obligors under this Contract which may be the dealer identified on page one of this Contract.

## OTHER IMPORTANT AGREEMENTS (Continued)

**27. Dispute Resolution and Arbitration. Agreement to Arbitrate.**

Any arbitration under this Agreement will take place on an individual basis; class actions, class arbitrations, and representative actions are not permitted.

You expressly waive any right to have and arbitrate a class action and You will not be able to participate as a representative or member of any class of claimants ("Class Action Waiver").

You also agree that, by entering into this Contract, You and We each waive any right to a trial by jury.

This arbitration provision relates to a transaction (or transactions) involving interstate commerce. The parties acknowledge and agree that this clause and the Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern any and all Claims (defined below) between You (as well as your agents, heirs, and assigns) on the one hand, and ESB and/or any of ESB's successors, assigns, parents, subsidiaries, or affiliates and/or any employees, officers, directors, agents, of the aforementioned on the other hand. The parties agree to arbitrate any and all claims, controversies, or disputes including but not limited to those arising out of or relating in any way to Your loan or account, this Contract, advertising or claims relating to this Contract, or the sale of this Contract, whether in contract, tort, statute, or otherwise, as well as recovery of any claim under this Contract (collectively "Claims"). Any Claims, including but not limited to the applicability of this arbitration clause, shall be resolved by neutral binding arbitration on an individual basis without resort to any form of class action or any other collective or representative proceeding before the American Arbitration Association ("AAA" or "Arbitration Forum"). You may obtain a copy of the rules by calling (1-800-778-7879) or visiting their Web site.

The arbitration shall take place in the federal district in which You reside, unless another location is mutually agreed upon by the parties, or another jurisdiction is required to make this clause enforceable. The arbitrators shall be attorneys or retired judges selected in accordance with AAA rules. The arbitration award shall be in writing, and shall detail the factual and legal reasons for any award or findings.

An award in arbitration will be enforceable under the Federal Arbitration Act by any court having jurisdiction. If either party fails to abide by the rulings of the arbitrator, then the parties have the right to seek relief from a court of competent jurisdiction.

You and We retain the right to seek limited provisional remedies from a court (for example, We can seek and obtain a replevin order, or other order support repossession of the collateral, from a Court); the remainder of the matter will then proceed to arbitration.

If any portion of this arbitration provision other than the Class Action Waiver is deemed invalid or unenforceable, the remaining portions of this arbitration provision shall remain valid and in force. If the Class Action Waiver shall be deemed invalid or unenforceable for any reason, the arbitration provision in this Contract shall be unenforceable. In the event of conflict or inconsistency between this arbitration provision and the other provisions of this Contract or any prior agreement, this arbitration provision shall govern. This provision shall survive the termination of any contractual agreement between You and Us.

**Costs**

If We initiate arbitration, We will pay the entire arbitration filing fee. If You initiate arbitration, We will reimburse you for the filing fee, unless the arbitrator decides that any of Your Claims are frivolous (using the standards set forth in Rule 11 of the Federal Rules of Civil Procedure) in which case We will reimburse You only one-half of the filing fee. We will also pay (or reimburse) the actual costs and fees imposed by the arbitrator, unless the arbitrator decides that any of Your Claims are frivolous (using the standards set forth in Rule 11 of the Federal Rules of Civil Procedure) in which case We will pay (or reimburse) only one-half of the actual costs and fees. Costs and fees for attorneys are addressed immediately below

**Attorney Fees**

Unless the arbitrator decides that any of Your Claims are frivolous (using the standards set forth in Rule 11 of the Federal Rules of Civil Procedure), We cannot obtain attorney fees from You even if We prevail in the arbitration. However, in the event that the arbitrator decides that any one of Your Claims was frivolous, then the arbitrator can award Us reasonable attorney fees and costs. If the arbitrator decides that You have prevailed in the arbitration, then the arbitrator may award reasonable attorney fees and costs incurred by You.

**Arbitration Award**

If the arbitrator finds in Your favor on the merits of at least one Claim alleged by You, AND the arbitrator issues You an award that is greater than the latest offer We made to you AND either equal to or less than $10,000 then We will pay You $10,000, instead of the arbitrator's award, and We will pay Your attorney 1.5 times the amount of attorney fees and costs awarded to You by the arbitrator.

The arbitrator's award shall be final and binding upon the parties.

**Opt-out option**

You have the opportunity to opt out of this Arbitration Clause, but any request must be RECEIVED in writing by Us within sixty (60) days of the date of this Contract. To opt out, You may contact Us at (800) 699-2336 to request an opt-out form, OR you may also opt-out of this Arbitration Clause by sending a letter indicating Your choice to opt-out of this clause, and referencing Your name, address, and account number, to:

Harley-Davidson Credit Corp.
Arbitration Opt-Out
PO Box 21947
Carson City, NV 89706

If We do not **RECEIVE** Your **COMPLETED** opt-out form within the time set forth above, any attempt to opt out of this Arbitration Clause shall be void. If You do choose to opt-out, You understand that You will waive any protections or benefits provided under this clause, such as any benefits to You under the headings entitled "Costs," "Attorney Fees," or "Arbitration Award."

**28. Proceeds.** You hereby authorize and direct Lender to forward any and all proceeds of this Contract to the Dealer and others identified on the front of this Contract.

**29. Entire Agreement.** This Agreement shall constitutes the entire Agreement between the parties, unless amended in writing and approve by Lender (such as a GAP waiver or Debt Protection). If any statement or representation conflicts with any term of this Agreement, this Agreement will prevail.

**30. Severability.** If a court or arbitrator with competent jurisdiction finds that any portion of this Contract is void or unenforceable for any reason, all other portions of this Contract shall remain in force. The foregoing shall not apply to the arbitration clause, above, which has its own severability provisions.

**31. Telephone Communications.** You agree that we may monitor and record telephone calls regarding this Contract to assure the quality of Our service. You consent to Our use of prerecorded/artificial voice messages and/or automatic telephone dialing devices to contact You in order to service or collect payments due under this Contract, as the law may allow. Your consent covers Our use of these contact methods to call, or send text messages to, any telephone number You provide to Us (or any telephone number We obtain from a third party in the event that We are unable to reach You at the number(s) You provide). Moreover, You expressly consent to Our use of rerecorded/artificial voice messages and/or automatic telephone dialing devices to contact telephone numbers for which You may incur a charge, such as a number assigned to a cellular telephone service.

**32. Questions on Your Account.** To contact the Lender about this account, call (800) 699-2336.

## Eaglemark Savings Bank

P.O. Box 22048
Carson City, NV 89721

 A subsidiary of Harley-Davidson Credit Corp.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

# COMMONWEALTH of VIRGINIA
## DEPARTMENT OF MOTOR VEHICLES

## CERTIFICATE OF TITLE FOR A VEHICLE
### KEEP IN SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

THE DEPARTMENT OF MOTOR VEHICLES, COMMONWEALTH OF VIRGINIA, HEREBY CERTIFIES THAT AN APPLICATION FOR A CERTIFICATE OF TITLE HAS BEEN MADE FOR THE VEHICLE DESCRIBED HEREON PURSUANT TO THE PROVISIONS OF THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH, THAT THE APPLICANT NAMED ON THE FACE HEREON HAS BEEN DULY RECORDED AS THE LAWFUL OWNER OF SAID VEHICLE, AND THAT, FROM THE STATEMENTS OF THE OWNER AND THE RECORDS ON FILE WITH THIS DEPARTMENT, THE HEREON DESCRIBED VEHICLE IS SUBJECT TO THE SECURITY INTEREST RECORDS ON FILE WITH THIS DEPARTMENT, AND AS DESCRIBED HEREON, IF ANY. THE MOTOR VEHICLE LAWS OF THIS COMMONWEALTH ALSO PROVIDE THAT ALL TITLE AND REGISTRATION INFORMATION IN THE OFFICE OF THE DEPARTMENT OF MOTOR VEHICLES IS PRIVILEGED AND ONLY SUBJECT TO DISSEMINATION TO AUTHORIZED AGENCIES, BUSINESS ORGANIZATIONS OR AGENTS, GOVERNMENTAL ENTITIES AND INDIVIDUALS UNDER THE CONDITIONS SPECIFIED BY MOTOR VEHICLE CODE SECTIONS 46.2-208, 46.2-209 AND 46.2-210.

ESTABLISHED 11/17/17      ORIGINAL

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | VEHICLE BODY | TITLE NO. |
|---|---|---|---|---|
| 1HD1KRC18HB695799 | 2017 | HARLEY DAV | MOTORCYCLE | 1303816591 |

| EMPTY WGT. | GROSS WGT. | GVWR | GCWR | AXLES | FUEL | SALES TAX PAID | ODOMETER | DATE ISSUED |
|---|---|---|---|---|---|---|---|---|
| 0000 | | | | 2 | GAS | 1440.63 | *000004* | 02/11/20 |

OTHER PERTINENT DATA

ODOMETER BRAND: ACTUAL    PRIOR TITLE NO.

Lienholder name(s) and address(es):
EAGLEMARK SAVINGS BANK
PO BOX 277940
SACRAMENTO CA 95827

LIEN RELEASE — INTEREST IN THE ABOVE DESCRIBED VEHICLE IS HEREBY RELEASED
By _____
TITLE _____  DATE _____

Name(s) and address(es) of vehicle owners:
KALLDIAN, CHRISTOPHER PAUL
13246 WINSTON RD
ASHLAND VA 23005-7129

**A** — ASSIGNMENT OF TITLE BY OWNER • NOTIFY DMV WHEN VEHICLE IS SOLD

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. The undersigned hereby certifies that the vehicle described in this title has been transferred to the following (printed name and address of Buyer(s)):

Buyer(s) Name _____
Street _____ City, State, Zip _____

I certify to the best of my knowledge that the odometer reading is: ☐ ACTUAL Mileage ☐ NOT ACTUAL Mileage (odometer discrepancy) ☐ IN EXCESS of Mechanical Limits ☐ Model year is 10 years or older and was exempt from odometer disclosure in prior state of title (applicant must present out-of-state title showing exemption)

ODOMETER READING (No Tenths) _____
DATE OF SALE _____
SALE PRICE _____

Signature of Seller(s) _____  Printed Name of Seller(s) _____

Signature of Buyer(s) _____  Printed Name of Buyer(s) _____
I am aware of the above odometer certification made by the Seller(s)
I am aware of the above odometer certification made by the Seller(s)

Seller warrants this certificate of title except that at the time of transfer it may be subject to lien. See section F   Dealer's No _____  Licensing Jurisdiction _____

VOID IF ALTERED

---

EAGLEMARK SAVINGS BANK
C/O HARLEY DAVIDSON CREDIT
3850 ARROWHEAD DRIVE
CARSON CITY NV 89706

Represents Redacted Information

Exhibit B

9/3/2020

Print

# 2017 Harley-Davidson FLHXS Street Glide Special



| Vehicle Type | Motorcycles |
|---|---|
| Manufacturer | Harley-Davidson |
| Year | 2017 |
| Type | Touring |
| Model | FLHXS Street Glide Special |
| Piston Displacement (CCs) | 1743 |
| Stroke | 4 |
| Cylinders | 2 |
| Speeds | 6 |
| Manufacturer's Reported Weight | 793 lbs |
| Reference Number: | 1HD1KRC18HB695799 |

| | Suggested List | Rough Trade-In/Wholesale | Clean Trade-In/Wholesale | Average Retail |
|---|---|---|---|---|
| BASE PRICE | $26,899 | $13,305 | $16,290 | $20,395 |
| TOTAL PRICE | $26,899 | $13,305 | $16,290 | $20,395 |

## Vehicle Notes

**Manufacturer Note:**
Due to custom features such as chrome, paint, engine modifications, and market conditions, some values may increase by as much as 10%-30%.

**Year Note:**
Reported weight includes; oil, coolant, and battery.

## Value Explanations

The values listed are a guide for appraisal purposes only. The values are a reflection of the unit's respective popularity. It may be necessary to adjust listed values to meet market conditions of your area. Used units in above average condition could be worth more than average retail value.

**Suggested List**
The manufacturer's (distributor's) highest suggested list price in the U.S.A. when the unit was new. Unless indicated, the suggested list price does not include destination charges, dealer set-up, state or local taxes, license, tags or insurance.

**Rough Trade-In/Wholesale**
This figure reflects the wholesale value of a used unit in need of repairs and refurbishing.

**Clean Trade-In/Wholesale**
This figure reflects the clean wholesale value of a clean used unit "ready for resale".

**Average Retail
(High Book)** This figure reflects the average retail value of a used unit "ready for resale". Units in excellent or prime condition may increase value 10% - 15%.

https://extapps.nada.com/NADAOnline/Powersports/PricingPrint

1/2

2/2

Print

9/3/2020

https://extapps.nada.com/NADAOnline/Powersports/PricingPrint